UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| MELISSA RODRIGUEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-00175 |
| I.Q. DATA INTERNATIONAL, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Melissa Rodriguez ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.Q. Data International, Inc. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida, a substantial portion the events or omissions giving rise to the

claims occurred within the Middle District of Florida, and Plaintiff resides in the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collection service with its principal place of business located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the state of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On December 15, 2019, Plaintiff was evicted from her apartment.

8. Plaintiff's lease ran through April 2020, and Plaintiff was unable to pay the entire lease ("subject debt").

9. Subsequently, defaulted on the subject debt.

10. Sometime thereafter, Defendant acquired the right to collect on the defaulted subject debt.

11. On January 29, 2020, Plaintiff began receiving collection phone calls to her cellular phone number, (407) XXX-0378, from Defendant.

12. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0378. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Immediately after the calls began, Plaintiff answered a call to her cellular telephone from Defendant. During this call, Defendant's representative demanded immediate payment of the subject debt in full. When Plaintiff stated she could not afford to make a payment on the subject debt, Defendant's representative started naming off Plaintiff's family members and told Plaintiff to go get a loan from a family member. Defendant's representative then threatened to garnish Plaintiff's wages and threatened to "put a lawyer in her face."

14. Concerned about the violations of her rights, and the fact Defendant may start calling her family members, Plaintiff sought the assistance of counsel.

15. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's deceptive and misleading collection actions.

16. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

17. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

21. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

22. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

25. Defendant violated 15 U.S.C. §§1692d, e, e(5), e(10), and f through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

### a. Violations of FDCPA § 1692d

26. Defendant violated 15 U.S.C. §1692d by engaging conduct of which the natural consequence is to harass, oppress, or abuse.

27. Defendant violated 15 U.S.C. §1692d by threatening to "put a lawyer in her face" and listing of the names of her parents and sister..

### b. Violations of FDCPA § 1692e

28. Defendant violated 15 U.S.C. §1692e by using false, deceptive, misleading, and unfair means in attempting to collect the alleged subject debt.

29. Defendant violated 15 U.S.C. §1692e(5) by threatening to garnish Plaintiff's wages when it had no intention of following through with the garnishment. Furthermore, Defendant violated e(5) by insinuating it could contact Plaintiff's family members about the subject debt when it could not.

30. Defendant violated 15 U.S.C. §1692e(10) using false or deceptive means to collect or attempt to collect the subject debt. The deceitful statements Defendant's representative made were solely for the purpose of dragooning Plaintiff into making a payment on the subject debt.

### c. Violations of FDCPA § 1692f

31. Defendant violated §1692f by engaging in unfair or unconscionable conduct when attempting to collect the subject debt. Specifically, Defendant threatened to contact Plaintiff's family about the subject debt and threatened to stick a lawyer in her face.

32. Defendant's unfair and unconscionable actions were nothing more than reprehensible strong-arm tactics used in an attempt to coerce a combat veteran into paying by falsely threatening to disclose her debt to a third party.

33. Upon information and belief, Defendant systematically attempts to collect debts through false, misleading, and unconscionable conduct and has no procedures in place to assure compliance with the FDCPA.

34. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MELISSA RODRIGUEZ respectfully requests that this Honorable Court:
 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
 b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
 c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
 d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

35. At all times relevant to this Complaint, Claimant, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

36. At all times relevant to this action Respondent is subject to and must abide by the laws of the State of Florida, including Florida Statute §559.72.

37. At all times relevant to this Complaint, Respondent was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provision of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.51(1).

38. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

39. Respondent violated sections 559.72(7) and (12) of the FCCPA through its unlawful conduct.

    **a. Violations of the FCCPA § 559.72(7)**

40. A person violates section 559.72(7) of the FCCPA when it "…willfully engage[s] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

41. Defendant violated section 559.72(7) of the FCCPA when it told Plaintiff it would stick an attorney in her face. Moreover, Defendant violated section 559.72(7) of the FCCPA when it listed off all the members of Plaintiff's family.

    **b. Violations of the FCCPA § 559.72(12)**

42. A person violates section 559.72(12) of the FCCPA when it "orally communicate[s] with a debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney."

43. Defendant violated section 559.72(12) of the FCCPA when it said it would stick an attorney in Plaintiff's face, giving the Plaintiff the false impression Defendant was associated with an attorney.

44. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, MELISSA RODRIGUEZ, respectfully requests this Honorable Court:
   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
   c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
   d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
   e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
   f. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 24, 2020                                Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com